**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAMRAN KASHANIAN, | No. 17-71001 |
| Petitioner, | Agency No. A089-516-153 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 9, 2020
San Francisco, California

Before: WALLACE and FRIEDLAND, Circuit Judges, and LASNIK,[**] District
Judge.

Petitioner Kamran Kashanian, a native and citizen of Iran, became a

conditional permanent resident through his marriage to a U.S. citizen. Kashanian

and his wife subsequently separated, and he sought a waiver of the requirement

that they jointly file a petition to remove the conditional basis of his permanent

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

resident status. *See* Immigration and Nationality Act ("INA") § 216(c)(4)(B), 8 U.S.C. § 1186a(c)(4)(B). The Immigration Judge ("IJ") initially granted the waiver, but later reopened removal proceedings, exercised her discretion to deny the waiver, and ordered Kashanian removed from the United States. Kashanian's appeal was dismissed by the Board of Immigration Appeals ("BIA"). We deny Kashanian's petition for review.

Kashanian's sole argument on appeal is that, once the IJ decided he was statutorily eligible for the waiver because of his "good faith" marriage, the IJ did not have discretion to deny the waiver. *See* INA § 216(c)(4)(B), 8 U.S.C. § 1186a(c)(4)(B). This argument is foreclosed by our decision in *Singh v. Holder*, 591 F.3d 1190 (9th Cir. 2010). In *Singh*, we explained that "granting a waiver involves two steps: First, the Attorney General or his designee (here, the BIA) must determine whether the petitioner has demonstrated that he meets one of three alternative criteria. *See* § 216(c)(4)(A)-(C). Second, if the petitioner has so demonstrated eligibility, the BIA 'may' grant the waiver. § 216(c)(4)." *Id.* at 1194. We stated that "[t]he second-order decision whether to grant a waiver is unambiguously 'left to the discretion of the Attorney General.'" *Id.* (quoting *Damon v. Ashcroft*, 360 F.3d 1084, 1090 (9th Cir. 2004)).

Under *Singh*, the IJ could deny the waiver Kashanian sought as a matter of discretion. Kashanian's only argument on appeal therefore fails.

**PETITION DENIED.**